# EXHIBIT 1

# SUMMONS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE DECATUR SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF DECATUR | ) | CAUSE NO.: 16D01-1612-PL-577 |

MITCHEL MILLER,                    )
                                   )
Plaintiff,                         )
                                   )
        v.                         )
                                   )
HONDA MANUFACTURING OF             )
INDIANA, LLC, and                  )
ELWOOD STAFFING SERVICES, INC.,    )
                                   )
Defendants.                        )

FILED
DEC 1 9 2016
Adina A. Roberto
CLERK DECATUR CIRCUIT/SUPERIOR COURT

**THE STATE OF INDIANA TO DEFENDANT:**    **Honda Manufacturing of Indiana, LLC**
**c/o Incorp Services, Inc., as Registered Agent**
**120 E. Market Street, Suite 808**
**Indianapolis, IN 46204**

You have been sued by the person(s) named "Plaintiff", in the court stated above.

The nature of the suit against you is stated in the complaint which is attached to this summons. It also states the demand which the plaintiff has made against you.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following manner of service of summons is hereby designated:    Certified Mail/Return
                                                                   Receipt Requested

Date: DEC 19 _____          Adina A. Roberto
                                _____
                                CLERK, Circuit/Superior Court of Decatur County, Indiana

Attorneys for the Plaintiff:
Cynthia A. Bedrick, Attorney No. 21547-49
Jody M. Butts, Attorney No. 29191-73
Scott A. Milkey, Attorney No. 32070-49
McNEELY STEPHENSON
2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176
Telephone: 317-825-5110
Facsimile: 317-825-5109

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE DECATUR SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF DECATUR | ) | CAUSE NO.: 16D01-16/2-PL-577 |

| | |
|---|---|
| MITCHEL MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HONDA MANUFACTURING OF | ) |
| INDIANA, LLC, and | ) |
| ELWOOD STAFFING SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

**FILED**
**DEC 19 2016**
*Adina A. Roberts*
CLERK DECATUR CIRCUIT/SUPERIOR COURT

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mitchel Miller ("Miller"), by counsel, for his Complaint for Damages against Defendants Honda Manufacturing of Indiana, LLC ("Honda") and Elwood Staffing Services, Inc. ("Elwood") states as follows:

## PARTIES

1.      From October 2014 through May 6, 2015, Miller was an "employee" of Honda and Elwood as defined by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111(5).

2.      Honda and Elwood are "employers" as defined by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111(4).

3.      Miller is an individual residing in Wayne County, Indiana.

4.      Honda is an Indiana corporation with its principal place of business in Indiana.

5.      Elwood is an Indiana corporation with its principal place of business in Indiana.

6.      This Court has subject matter jurisdiction over the claims and personal jurisdiction over Miller, Honda, and Elwood.  Venue is proper in Decatur County pursuant to Rule 75(A)(4) as it is the county in which Honda's principal office is located.

7.      On November 5, 2015, Miller satisfied his requirement to exhaust administrative remedies by filing his charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Honda and Elwood, alleging unlawful employment discrimination on the basis of his disability and denial of a reasonable accommodation in violation of the ADA. Said charges were filed within 300 days of the date of Miller's discharge by Honda and Elwood. A true and accurate copy of his charges of discrimination are attached and incorporated hereinafter and made a part hereof as "Exhibit A."

8.      On or about September 28, 2016, the EEOC issued a Notice of Right to Sue to Miller, which is attached and incorporated hereinafter and made a part hereof as "Exhibit B."

9.      On December 19, 2016, within the aforementioned 90-day right to sue period, Miller filed the instant action.  Miller has therefore complied with all conditions precedent to maintaining this action.

### GENERAL FACTS

10.      Elwood is a corporation that is engaged in the business of providing hiring and recruitment services to corporations including, but not limited to, Honda.

11.      Honda is a company that is engaged in the business of manufacturing automobiles.

12.      On or about August 4, 2014, Miller applied for employment with Honda for a position made available through Elwood.

13.      While discussing the potential Honda position with Elwood representatives, Miller informed Elwood that he previously had both of his knees replaced and suffered from a permanent back injury.

2

14.     Miller informed Elwood that because of his disability, Miller's doctors told him that he should avoid working in a job that required excessive squatting, climbing, twisting, bending, kneeling, or working on uneven surfaces.

15.     On or about August 27, 2014, Miller took part in, and passed, a physical test as a prerequisite for employment with Honda and/or Elwood.

16.     At or around the time he performed the physical test, Miller informed Honda representatives that he previously had both of his knees replaced and suffered from a permanent back injury.

17.     Miller also informed Honda that because of his disability, Miller's doctors had informed him that he should avoid working in a job that required excessive squatting, climbing, twisting, bending, kneeling, or working on uneven surfaces.

18.     Prior to beginning his employment with Honda and/or Elwood, Miller provided both Honda and Elwood with medical records which document his medical related restrictions.

19.     On or about October 14, 2014, Miller began working at Honda as a process associate in the brake fill department.

20.     Miller's job duties as a process associate in the brake fill department included, but were not limited to: operating robotic machinery; lifting items of minimal weight; getting in and out of vehicles; and performing work inside of vehicles.

21.     While working at Honda and/or Elwood, Miller performed all of the essential functions of his position without any issues.

22.     While working at Honda and/or Elwood, Miller never received any disciplinary action related to the quality of his work.

3

23. On or about January 22, 2015, Miller received an assignment evaluation from Honda and Elwood which found that Miller "exceeds expectations" in the work that he was performing.

24. On or about April 21, 2015, Miller received a second assignment evaluation from Honda and Elwood which found that Miller continued to "exceed[] expectations" in the work that he was performing.

25. On or about April 22, 2015, Miller was injured while at work when he twisted his knee on a grate that was not facing the right way.

26. Upon suffering the injury, Miller informed Honda and Elwood that the injury was not related to his disability, and could have happened to any person regardless of whether they had a disability.

27. Pursuant to Honda policy, Miller reported the potential workplace injury to Honda and was examined by Honda's medical personnel.

28. While Miller was being examined by Honda's medical personnel, Miller noted that the file which had been given to the physician did not contain all of Miller's medical paperwork showing Miller's medical restrictions.

29. During this examination, Miller was able to identify at least one document in Honda's file that had been altered in a way which removed some of the restrictions that Miller had disclosed to Honda when he was hired.

30. Honda's medical personnel never once identified, based on their own examination of Miller, that he required any restrictions that would limit his ability to work as a process associate.

31.     After injuring his knee, Miller was able to return to work immediately without missing any time, and with no injury of consequence other than a few days of stiffness.

32.     Upon returning to work, Miller had completely recovered from his medical condition, he did not pose a threat to any of his co-employees, and he was able to perform all of his essential job functions without any additional limitations.

33.     On or about May 6, 2015, Miller was escorted out of the Honda facility by employees of Honda and/or Elwood.

34.     While he was being escorted out of the Honda facility, Miller was informed that Honda did not have any work available that would fit his restrictions.

35.     In attempting to identify Miller's restrictions, Honda and/or Elwood relied on an evaluation of Miller that was taken prior to Miller beginning his employment with Honda and Elwood.

36.     Elwood subsequently stated that it or Honda would attempt to find a job for Miller that fit his restrictions, and that he should check back to see if a job became available.

37.     Miller never received any follow up calls from either Elwood or Honda asking whether Miller could perform his old position or a different position at Honda with or without a reasonable accommodation.

38.     Elwood and/or Honda subsequently informed Miller that neither company was able to identify a job that would fit Miller's permanent restrictions.

39.     This is in spite of the fact that Miller was performing all of the essential functions of his brake fill job in a manner that "exceeds expectations," and told Honda and Elwood that he could continue working in the brake fill department under the exact same conditions that Honda and Elwood provided to him prior to April 22, 2015.

5

40.     Honda's and Elwood's actions constitute discrimination against Miller based on Miller's disability or his perceived disability.

**Count I**
**Discrimination Based on a Disability**
**(Title I of The Americans with Disabilities Act)**

41.     Miller reasserts all of the preceding paragraphs of this Complaint as if fully set forth herein.

42.     Miller is a "qualified individual" as defined in 42 U.S.C. § 12111(8).

43.     Miller has a physical disability that substantially limits, at a minimum, his major life activities of standing, lifting, and bending, as defined by the Americans with Disabilities Act.

44.     Miller was qualified to perform the essential functions, including but not limited to, operating robotic machinery; lifting items of minimal weight; getting in and out of vehicles; and performing work inside of vehicles of his job at Honda with or without a reasonable accommodation.

45.     Miller met or exceeded Honda's and/or Elwood's legitimate expectations at all times throughout his employment at Honda and/or Elwood.

46.     Honda and/or Elwood "discriminated against a qualified individual on the basis of disability," to wit Miller, in violation of 42 U.S.C. § 12112, by firing Miller because he was disabled.

47.     Honda and/or Elwood's discriminatory conduct exhibited a willful and/or reckless indifference to Miller's federally protected right to be free from disability discrimination.

48.     As a result of Honda's and Elwood's discrimination against him, Miller has suffered damages.

WHEREFORE, Miller, by counsel, prays for judgment in his favor and against Defendants Honda and Elwood and requests all wages and other economic benefits lost as a result of the Defendants unlawful actions, compensatory damages, damages to compensate Miller for mental anguish and emotional distress, liquidated damages, punitive damages, all costs and reasonable attorneys' fees incurred in litigating this action, pre-judgment interest, post-judgment interest, and any and all other legal and equitable relief to which Miller is entitled.

### Count II (in the alternative to Count I)
### Discrimination Based on a "Regarded As" Disability
### (Title I of The Americans with Disabilities Act)

49.     Miller reasserts all of the preceding paragraphs of this Complaint as if fully set forth herein.

50.     Miller is a "qualified individual" as defined in 42 U.S.C. §12111(8).

51.     Honda and/or Elwood regarded Miller as having a physical disability that substantially limited his major life activities of standing, lifting, and bending by both Honda and Elwood.

52.     Miller met or exceeded Honda's and/or Elwood's legitimate expectations at all times throughout his employment at Honda and/or Elwood.

53.     Miller was qualified to perform the essential functions of his job at Honda with or without a reasonable accommodation.

54.     Honda and Elwood discriminated against Miller based on the disability that it perceived him to have in violation of 42 U.S.C § 12112 by firing Miller based solely on Miller's perceived disability.

55.     As a result of Honda's and Elwood's discrimination against him, Miller has suffered damages.

7

WHEREFORE, Miller, by counsel, prays for judgment in his favor and against Defendants Honda and Elwood and requests all wages and other economic benefits lost as a result of the Defendants unlawful actions, compensatory damages, damages to compensate Miller for mental anguish and emotional distress, liquidated damages, punitive damages, all costs and reasonable attorneys' fees incurred in litigating this action, pre-judgment interest, post-judgment interest, and any and all other legal and equitable relief to which Miller is entitled.

### Count III
### Failure to Provide Reasonable Accommodation
### (Title I of The Americans with Disabilities Act)

56.     Miller reasserts all of the preceding paragraphs of this Complaint as if fully set forth herein.

57.     Title I of the ADA, 42 U.S.C. § 12111, et seq., and its implementing regulation, 29 C.F.R. Part 1630, requires covered employers, such as Defendants, to provide reasonable accommodations to otherwise qualified employees with disabilities.

58.     Reasonable accommodations include, but are not limited to, modification of current job position or reassignment to a vacant position within the employer's organization when an employee with a disability can no longer perform the essential functions of the employee's position and a vacant position for which the employee is qualified is available.

59.     Miller is an otherwise qualified individual with a disability who, in 2015 according to Defendants, could no longer perform the essential functions of his position as a process associate in the brake fill department at Honda.

60.     Defendants failed to engage in the interactive process and failed to provide Miller a reasonable accommodation, including but not limited to modification of his current job position

or reassignment to a vacant position within the Defendants' organizations where such an accommodation was available. 42 U.S.C. §§ 12112(a) and (b); 29 C.F.R. § 1630.9.

61.    Defendants' conduct as described in this Complaint constitutes discrimination on the basis of disability in violation of Title I of ADA, 42 U.S.C. § 12111, et seq., and its implementing regulation, 29 C.F.R. Part 1630.

62.    As a result of Defendants' discriminatory conduct, Miller suffered and continues to suffer damages.

WHEREFORE, Miller, by counsel, prays for judgment in his favor and against Defendants Honda and Elwood and requests all wages and other economic benefits lost as a result of the Defendants unlawful actions, compensatory damages, damages to compensate Miller for mental anguish and emotional distress, liquidated damages, punitive damages, all costs and reasonable attorneys' fees incurred in litigating this action, pre-judgment interest, post-judgment interest, and any and all other legal and equitable relief to which Miller is entitled.

Respectfully submitted,

McNEELY STEPHENSON

Cynthia A. Bedrick, Attorney No. 21547-49
Jody M. Butts, Attorney No. 29191-73
Scott A. Milkey, Attorney No. 32070-49

BARADA LAW OFFICES, LLC

Grant Reeves, Attorney No. 28028-70

9

## DEMAND FOR JURY TRIAL

Mitchel Miller, by counsel, hereby demands trial of this matter by jury.

Respectfully submitted,

McNEELY STEPHENSON

Cynthia A. Bedrick, Attorney No. 21547-49
Jody M. Butts, Attorney No. 29191-73
Scott A. Milkey, Attorney No. 32070-49

BARADA LAW OFFICES, LLC

Grant Reeves, Attorney No. 28028-70

# Exhibit A



**U.S. Equal Employment Opportunity Commission**
**Indianapolis District Office**

101 West Ohio St
Suite 1900
Indianapolis, IN 46204
(317) 226-7212
TDD: 1-800-669-6820
Fax: (317) 226-7953
1-800-669-4000

Respondent: ELWOOD STAFFING SERVICES, INC.
EEOC Charge No.: 470-2016-00370
FEPA Charge No.:

November 13, 2015

Grant M. Reeves
BARADA LAW OFFICES LLC
201 N. Main Street
Rushville, IN 46173

Dear Mr. Reeves:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[ ]   Title VII of the Civil Rights Act of 1964 (Title VII)
[ ]   The Age Discrimination in Employment Act (ADEA)
[ X ]  The Americans with Disabilities Act (ADA)
[ ]   The Equal Pay Act (EPA)
[ ]   The Genetic Information Nondiscrimination Act (GINA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

Please be aware that we will send a copy of the charge to Indiana Civil Rights Commission 100 North Senate Avenue Suite North 103 Indianapolis, IN 46204 as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

While the charge is pending, this office should be notified of any change in your client's address, or where they can be reached if they have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

Elizabeth Vaughn
Investigator Support Asst
(317) 226-5524

Office Hours: Monday – Friday, 8:30 a.m. - 4:30 p.m.
www.eeoc.gov

Enclosure(s)

cc:   Mitchel Miller
      431 W. Church Street
      Cambridge City, IN 47327



# WHAT YOU SHOULD DO
## AFTER YOU HAVE FILED A CHARGE WITH EEOC

> ### _KEEP YOUR DOCUMENTS – BOTH PAPER AND ELECTRONIC_

Now that you have filed an EEOC charge, you must keep anything that might be evidence related to your charge. This includes **_all_** documents, communications, and electronic information that are potentially related to your EEOC charge, including the harm caused by the discrimination, and all records of your communications with the EEOC.  Even if you are not sure whether the information is relevant to your discrimination claim, please do not throw it away or delete it.

---

> ### _WHAT INFORMATION MUST YOU KEEP?_
> - **Paper documents**, such as:
>   - Employee manuals, pay stubs, work schedules
>   - Letters, memos, your notes
>   - Pictures, drawings, charts, whether or not they contain words
> - **Electronic information**, such as:
>   - E-mails, text messages, tweets, and social media posts and pictures
>   - Voice messages, video and sound recordings
>   - Word processing documents, electronic calendar entries
> - **Electronic memory on devices or the devices themselves**, such as:
>   - Memory on computers, laptops, tablets, cell phones
>   - Computers, laptops, tablets, cell phones
>   - Do not delete, replace, alter, "wipe," or "clear" your computer hard drive, electronic tablet, or cell phone, and do not change or remove Internet posts, without retaining an electronic copy.  If you dispose of any old computers, phones or devices, make sure you make and keep an electronic copy of all potentially relevant information on the device.
> - These are some examples and not a complete list.
> - If you have questions about what you should or should not do, please contact your investigator.

---

_Why must you keep this information?_  It might be evidence related to your charge. We are required by the courts to ensure that all potentially relevant information is retained. **Please note that failure to keep these records may cause you to lose your case, or to lose the right to recover money lost due to the discrimination.**

_What happens to your information?_ Your investigator will discuss with you what information is needed by the EEOC to investigate your charge.  Information that you provide that happens to be private or personal in nature will not be disclosed by the EEOC during its investigation, and if the EEOC files suit on your charge, we will do our best to keep such information out of the court proceedings.

_Please see page 2 for additional important information._

## ➤ *LOOK FOR WORK IF YOU ARE OUT OF WORK*

If you lost your job or were not hired due to discrimination, you may be entitled to the pay or wages you lost. However, you cannot receive lost wages unless you can show that you looked for another job to replace the one you lost or were denied due to discrimination. In order to prove you searched for work, you must keep copies of all letters, emails, or other evidence of your job search. If you succeed in finding a new job but it pays less than the job you lost, you may be entitled to the difference in pay. Therefore, it is necessary to keep all evidence of your job search even if you find another job.

In addition to looking for work, you should keep good records of your job search so you can prove that you have tried to find a comparable job. If you are out of work because of discrimination, be sure to save *all* documents and communications, including e-mails, relating to your job search.

---

### ➤ *WHAT ARE RECORDS OF YOUR JOB SEARCH?*

The following types of information can prove that you have tried to find work:

- copies of job applications and resumes

- a list of all the companies you contact about jobs by phone, letter or in-person

- copies of e-mails or letters that you send to or receive from companies where you have asked about work or submitted an application

- a list all of the places where you apply and for each one,
    a. the date of the application;
    b. the position you were seeking;
    c. the response you received from your application, such as rejection letters or invitations to interview;
    d. whether you were interviewed and the date of the interview;
    e. the results of the interview;
    f. whether you turned down a job offer, and if you did, why

- notes about what you did to look for work (for example, searching the newspaper or Internet or contacting employment agencies) and the dates that you conduct the search

- copies of your pay stubs or earnings records if you find another job.

If you have questions about what you are required to do, please contact your investigator.

---

### ➤ *KEEP US INFORMED*

Once you file a charge with the EEOC, you must tell us if you move or get a new address, telephone number, or e-mail address. We may need to talk to you to get more information. If the EEOC cannot reach you to get necessary information, your charge may be dismissed.

### ➤ *CALL IF YOU HAVE QUESTIONS*

Your investigator will discuss with you the documents and other evidence we need to investigate your charge. If you have any questions, or for inquiries about the status of your case, please contact your investigator directly or call 1-800-669-4000.

Page 2

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge if **retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| X | FEPA | |
| X | EEOC | 470-2016-00370 |

Indiana Civil Rights Commission and EEOC
State or local Agency, if any

| NAME (Indicate Mr. Ms., Mrs.) | HOME TELEPHONE (Including Area Code) |
|---|---|
| Mr. Mitchel Miller | 765-334-8221 |

| STREET ADDRESS    CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 431 W. Church Street, Cambridge City, IN 47372 | 11/22/1960 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERMNET AGENCY WHO DISCRIMINATED AGAINST ME. (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Elwood Staffing Services, Inc. | —More than 500 at all Locations | 765-935-3625 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1306 Industries Road | Richmond, IN 47374 | Wayne |

CAUSE OF DISCRIMINATION BASED ON  (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE

☐ RETALIATION  ☐ NATIONAL ORIGIN  ☒ DISABILITY  ☐ OTHER

DATE DISCRIMINATION TOOK PLACE
EARLIEST          LATEST
May 6, 2015

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s):

See Attached Document and Additional Complaint against Honda Manufacturing of Indiana LLC. I was employed through the Elwood Staffing Richmond Office, but they also had a branch office at the Honda Manufacturing location. Their corporate headquarters of Elwood Staffing is located at 4111 Central Avenue, Columbus, IN 47203 in Bartholomew County.

I want this charged filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under the penalty of perjury that the foregoing is true and correct.

Date: 10/29/15    Charging Party Signature: _Mitchel Miller_

NOTARY— Rose M. Hoeing
Rose M. Hoeing
Subscribed and sworn to before me this 24th day of October, 2015
Expiration: 1-16-17    Residing in Rush County, IN

I swear or affirm that I have read the above charge and this it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
_Mitchel Miller_

Attorney for Complainant:
Grant M. Reeves, Barada Law Offices, LLC, 201 N Main Street, Rushville, IN 46173, 765-932-6932

## SUPPLEMENTAL COMPLAINT REPORT

I am a qualified individual with a disability as a result of prior knee replacements and a back injury. On August 4, 2014, I applied for employment with Honda Manufacturing of Indiana LLC ("Honda") through Elwood Staffing Services, Inc. ("Elwood Staffing"). On August 27, 2014, I took a physical test as a prerequisite for employment with Honda and passed the testing. I began working at Honda in the brake fill department on October 14, 2014. At that time, I reported that I had certain medical restrictions. I was assigned jobs that met my restrictions and worked satisfactorily with excellent reviews throughout my time at Honda. On April 22, 2015, I twisted my knee while working at Honda. This incident had nothing to do with my disability and simply involved twisting my knee on an uneven surface. Any person, regardless of the condition of his/her knee, could have suffered a similar injury on this surface. As required pursuant to Honda policy, I reported the potential workplace injury to Honda and was checked out by Honda's required medical personnel. While I was being examined, it became apparent that the file given to the physician conducting the review on behalf of Honda did not have all of the medical paperwork that correctly showed my restrictions. In fact, it appeared that at least one document in Honda's file had been altered in a way which removed some of the restrictions I had disclosed to Honda when I was hired.

After the incident with my knee, I was able to return to work immediately without missing any time and, apart from a few days of stiffness, did not have any significant injury of consequence. Shortly after I returned to work, I was suddenly escorted out of the Honda facility on May 6, 2015, and told that Honda did not have any work available that fit my restrictions. My abrupt termination of employment was in spite of the fact that I had been satisfactorily working for Honda, more than satisfactorily performing the same duties for several months. I was told that Honda would attempt to find a job for me that fit my restrictions (again, in spite of the fact that I had already been working at a job that did fit my restrictions for six to seven months) and that I should check back to see if a job became available. After approximately two weeks, I was told that no jobs were available to fit my permanent restrictions.

Honda's actions, in conjunction with those of Elwood Staffing, constituted discrimination because of my disability. I reported my restrictions to Honda upon employment, through Elwood Staffing, and fully cooperated with Honda to make sure my job duties fit my restrictions. I was performing all job duties in a manner that was more than satisfactory. I was a model employee and never received any disciplinary action. I was working within my restrictions and was not a danger to myself or to others in any way. In spite of this, Honda suddenly and inexplicably terminated my employment as a direct result of my disabilities. Additionally, Honda failed to engage in the interactive process to try to reasonably accommodate my disability. I had been performing my job position satisfactorily prior to the knee incident and could have continued performing this job satisfactorily in the future while observing my restrictions.

I believe I was discriminated against in that I was denied a reasonable accommodation and terminated because of my disability in violation of my rights under the Americans with Disabilities Act, as amended. Additionally, Honda and Elwood Staffing failed to engage in the interactive process for reasonable accommodation in violation of my rights in under the Americans with Disabilities Act, as amended.

Mitchel Miller

# Exhibit B

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mitchel Miller<br>431 W. Church Street<br>Cambridge City, IN 47327 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2016-00367 | Brien L. Shoemaker,<br>Enforcement Supervisor | (317) 226-6118 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____          SEP 2 8 2016
Michelle F. Eisele,
Director                                  *(Date Mailed)*

Enclosures(s)

cc:   Susan Kline, Partner                    Grant Reeves
      FAEGRE BAKER DANIELS LLP                BARADA LAW OFFICES LLC
      300 N. Meridian St.                     201 N. Main Street
      Suite 2700                              Rushville, IN 46173
      Indianapolis, IN 46204

Enclosures(s)

cc:   Grant M. Reeves
      BARADA LAW OFFICES LLC
      201 N. Main Street
      Rushville, IN 46173

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Mitchel Miller<br>431 W. Church Street<br>Cambridge City, IN 47327 | From: Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2016-00370 | Brien L. Shoemaker,<br>Enforcement Supervisor | (317) 226-6118 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_[signature]_

Michelle F. Eisele,
Director

SEP 2 8 2016
(Date Mailed)

Enclosures(s)

cc: **Rhea Baker Ipek**
**Corporate Counsel**
**ELWOOD STAFFING SERVICES INC**
**4111 Central Avenue**
**Columbus, IN 47203**

**Grant M. Reeves**
**BARADA LAW OFFICES LLC**
**201 N. Main Street**
**Rushville, IN 46173**

Enclosures(s)

cc:   **Grant Reeves**
      **BARADA LAW OFFICES LLC**
      **201 N. Main Street**
      **Rushville, IN 46173**

STATE OF INDIANA )        IN THE DECATUR SUPERIOR COURT
                        ) SS:
COUNTY OF DECATUR )      CAUSE NO.: 16D01-1612-PL-577

MITCHEL MILLER,                )
                               )
Plaintiff,                     )
                               )
v.                             )
                               )
HONDA MANUFACTURING OF         )
INDIANA, LLC, and              )
ELWOOD STAFFING SERVICES, INC.,)
                               )
Defendants.                    )

**FILED**

DEC 19 2016

*Adina A. Roberts*
CLERK DECATUR CIRCUIT/SUPERIOR COURT

## APPEARANCE

Comes now Grant Reeves of the law firm of BARADA LAW OFFICES LLC, and enters his Appearance on behalf of the Plaintiff, Mitchel Miller, and respectfully requests that copies of all pleadings, notices, and orders be forwarded to said attorneys at the following address:

Grant M. Reeves          Attorney No.: 28028-70
BARADA LAW OFFICES LLC
201 N. Main Street
Rushville, IN 46173
Telephone: 765-932-6932
Email: grant@baradalawoffices.com

1.   Name of first initiating party: Mitchel Miller.

2.   Case Type: PL

3.   This firm does not accept service by facsimile transmission.

4.   To our knowledge, there are no related cases.

Respectfully submitted,

BARADA LAW OFFICES LLC


Grant M. Reeves, #28028-70
Attorneys for the Plaintiff, Mitchel Miller




BARADA LAW OFFICES LLC
201 N. Main Street
Rushville, IN  46173
Telephone:  765-932-6932

STATE OF INDIANA      )
     ) SS:
COUNTY OF DECATUR      )

MITCHEL MILLER,

Plaintiff,

         v.

HONDA MANUFACTURING OF
INDIANA, LLC, and
ELWOOD STAFFING SERVICES, INC.,

Defendants.

IN THE DECATUR SUPERIOR COURT

CAUSE NO.: 16D01-1612-PL-577

FILED

DEC 19 2016

Adina A. Roberts
CLERK DECATUR CIRCUIT/SUPERIOR COURT

## APPEARANCE

    Comes now Cynthia A. Bedrick, Jody M. Butts and Scott A. Milkey of the law firm of McNEELY STEPHENSON, and enter their Appearance on behalf of the Plaintiff, Mitchel Miller, and respectfully request that copies of all pleadings, notices, and orders be forwarded to said attorneys at the following address:

Cynthia A. Bedrick          Attorney No.: 21547-49
Jody M. Butts              Attorney No.: 29191-73
Scott A. Milkey            Attorney No.: 32070-49
McNEELY STEPHENSON
2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176
Telephone:    317-825-5110
Facsimile:     317-825-5109
Email:        Cynthia.A.Bedrick@msth.com
              Jody.M.Butts@msth.com
              Scott.A.Milkey@msth.com

1.    Name of first initiating party: Mitchel Miller.

2.    Case Type: <u>PL</u>

3.    This firm does not accept service by facsimile transmission.

4.    To our knowledge, there are no related cases.

Respectfully submitted,

McNEELY STEPHENSON

Cynthia A. Bedrick 21547-49
Jody M. Butts 29191-73
Scott A. Milkey 32070-49
Attorneys for the Plaintiff, Mitchel Miller

McNEELY STEPHENSON
2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176
Telephone:  317-825-5110
Facsimile:  317-825-5109

STATE OF INDIANA        )                    IN THE DECATUR SUPERIOR COURT
                        ) SS:
COUNTY OF DECATUR       )                    CAUSE NO.: 16D01-1612-PL-577

MITCHEL MILLER,                      )
                                     )
Plaintiff,                           )
                                     )
            v.                       )
                                     )
HONDA MANUFACTURING OF               )
INDIANA, LLC, and                    )
ELWOOD STAFFING SERVICES, INC.,      )
                                     )
Defendants.                          )

```
  F I L E D
  DEC 1 9 2016
  Adina A. Roberts
CLERK DECATUR CIRCUIT/SUPERIOR COURT
```

## APPEARANCE

Comes now Cynthia A. Bedrick, Jody M. Butts and Scott A. Milkey of the law firm of McNEELY STEPHENSON, and enter their Appearance on behalf of the Plaintiff, Mitchel Miller, and respectfully request that copies of all pleadings, notices, and orders be forwarded to said attorneys at the following address:

Cynthia A. Bedrick                    Attorney No.: 21547-49
Jody M. Butts                         Attorney No.: 29191-73
Scott A. Milkey                       Attorney No.: 32070-49
McNEELY STEPHENSON
2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176
Telephone:   317-825-5110
Facsimile:   317-825-5109
Email:       Cynthia.A.Bedrick@msth.com
             Jody.M.Butts@msth.com
             Scott.A.Milkey@msth.com

1.    Name of first initiating party: Mitchel Miller.

2.    Case Type: PL

3.    This firm does not accept service by facsimile transmission.

4.    To our knowledge, there are no related cases.

Respectfully submitted,

McNEELY STEPHENSON

Cynthia A. Bedrick 21547-49
Jody M. Butts 29191-73
Scott A. Milkey 32070-49
Attorneys for the Plaintiff, Mitchel Miller

McNEELY STEPHENSON
2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176
Telephone: 317-825-5110
Facsimile: 317-825-5109

# EXHIBIT 2

**SUMMONS**

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE DECATUR SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF DECATUR | ) | CAUSE NO.: 16D01-16/2-PL-577 |

MITCHEL MILLER,                                    )
                                                   )
        Plaintiff,                                 )
                                                   )
                v.                                 )
                                                   )
HONDA MANUFACTURING OF                             )
INDIANA, LLC, and                                  )
ELWOOD STAFFING SERVICES, INC.,                    )
                                                   )
        Defendants.                                )

FILED
DEC 19 2016
Adina A. Roberto
CLERK DECATUR CIRCUIT/SUPERIOR COURT

THE STATE OF INDIANA TO DEFENDANT:    **Elwood Staffing Services, Inc.
c/o Corporation Service Company,
as Registered Agent
251 E. Ohio Street, Suite 500
Indianapolis, IN  46204**

        You have been sued by the person(s) named "Plaintiff", in the court stated above.
        The nature of the suit against you is stated in the complaint which is attached to this summons.  It also states the demand which the plaintiff has made against you.
        You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded.
        If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.
        The following manner of service of summons is hereby designated:         Certified Mail/Return
                                                                                 Receipt Requested

Date: ___DEC 19 2016___        _____
                                           Adina A. Roberto
                               CLERK, Circuit/Superior Court of Decatur County, Indiana

Attorneys for the Plaintiff:
Cynthia A. Bedrick, Attorney No. 21547-49
Jody M. Butts, Attorney No. 29191-73
Scott A. Milkey, Attorney No. 32070-49
McNEELY STEPHENSON
2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176
Telephone:  317-825-5110
Facsimile:  317-825-5109

STATE OF INDIANA    )         IN THE DECATUR SUPERIOR COURT
                        ) SS:
COUNTY OF DECATUR  )       CAUSE NO.:  1 *LDD1-1612-PL-577*

MITCHEL MILLER,         )
                        )
Plaintiff,                )
                        )
          v.            )
                        )
HONDA MANUFACTURING OF  )
INDIANA, LLC, and         )
ELWOOD STAFFING SERVICES, INC., )
                        )
Defendants.            )

FILED
DEC 19 2016
*Adina A. Roberts*
CLERK DECATUR CIRCUIT/SUPERIOR COURT

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mitchel Miller ("Miller"), by counsel, for his Complaint for Damages against Defendants Honda Manufacturing of Indiana, LLC ("Honda") and Elwood Staffing Services, Inc. ("Elwood") states as follows:

### PARTIES

1.    From October 2014 through May 6, 2015, Miller was an "employee" of Honda and Elwood as defined by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111(5).

2.    Honda and Elwood are "employers" as defined by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111(4).

3.    Miller is an individual residing in Wayne County, Indiana.

4.    Honda is an Indiana corporation with its principal place of business in Indiana.

5.    Elwood is an Indiana corporation with its principal place of business in Indiana.

6.    This Court has subject matter jurisdiction over the claims and personal jurisdiction over Miller, Honda, and Elwood.  Venue is proper in Decatur County pursuant to Rule 75(A)(4) as it is the county in which Honda's principal office is located.

7.     On November 5, 2015, Miller satisfied his requirement to exhaust administrative remedies by filing his charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Honda and Elwood, alleging unlawful employment discrimination on the basis of his disability and denial of a reasonable accommodation in violation of the ADA. Said charges were filed within 300 days of the date of Miller's discharge by Honda and Elwood. A true and accurate copy of his charges of discrimination are attached and incorporated hereinafter and made a part hereof as "Exhibit A."

8.     On or about September 28, 2016, the EEOC issued a Notice of Right to Sue to Miller, which is attached and incorporated hereinafter and made a part hereof as "Exhibit B."

9.     On December 19, 2016, within the aforementioned 90-day right to sue period, Miller filed the instant action.   Miller has therefore complied with all conditions precedent to maintaining this action.

## GENERAL FACTS

10.    Elwood is a corporation that is engaged in the business of providing hiring and recruitment services to corporations including, but not limited to, Honda.

11.    Honda is a company that is engaged in the business of manufacturing automobiles.

12.    On or about August 4, 2014, Miller applied for employment with Honda for a position made available through Elwood.

13.    While discussing the potential Honda position with Elwood representatives, Miller informed Elwood that he previously had both of his knees replaced and suffered from a permanent back injury.

2

14. Miller informed Elwood that because of his disability, Miller's doctors told him that he should avoid working in a job that required excessive squatting, climbing, twisting, bending, kneeling, or working on uneven surfaces.

15. On or about August 27, 2014, Miller took part in, and passed, a physical test as a prerequisite for employment with Honda and/or Elwood.

16. At or around the time he performed the physical test, Miller informed Honda representatives that he previously had both of his knees replaced and suffered from a permanent back injury.

17. Miller also informed Honda that because of his disability, Miller's doctors had informed him that he should avoid working in a job that required excessive squatting, climbing, twisting, bending, kneeling, or working on uneven surfaces.

18. Prior to beginning his employment with Honda and/or Elwood, Miller provided both Honda and Elwood with medical records which document his medical related restrictions.

19. On or about October 14, 2014, Miller began working at Honda as a process associate in the brake fill department.

20. Miller's job duties as a process associate in the brake fill department included, but were not limited to: operating robotic machinery; lifting items of minimal weight; getting in and out of vehicles; and performing work inside of vehicles.

21. While working at Honda and/or Elwood, Miller performed all of the essential functions of his position without any issues.

22. While working at Honda and/or Elwood, Miller never received any disciplinary action related to the quality of his work.

3

23.     On or about January 22, 2015, Miller received an assignment evaluation from Honda and Elwood which found that Miller "exceeds expectations" in the work that he was performing.

24.     On or about April 21, 2015, Miller received a second assignment evaluation from Honda and Elwood which found that Miller continued to "exceed[] expectations" in the work that he was performing.

25.     On or about April 22, 2015, Miller was injured while at work when he twisted his knee on a grate that was not facing the right way.

26.     Upon suffering the injury, Miller informed Honda and Elwood that the injury was not related to his disability, and could have happened to any person regardless of whether they had a disability.

27.     Pursuant to Honda policy, Miller reported the potential workplace injury to Honda and was examined by Honda's medical personnel.

28.     While Miller was being examined by Honda's medical personnel, Miller noted that the file which had been given to the physician did not contain all of Miller's medical paperwork showing Miller's medical restrictions.

29.     During this examination, Miller was able to identify at least one document in Honda's file that had been altered in a way which removed some of the restrictions that Miller had disclosed to Honda when he was hired.

30.     Honda's medical personnel never once identified, based on their own examination of Miller, that he required any restrictions that would limit his ability to work as a process associate.

4

31.     After injuring his knee, Miller was able to return to work immediately without missing any time, and with no injury of consequence other than a few days of stiffness.

32.     Upon returning to work, Miller had completely recovered from his medical condition, he did not pose a threat to any of his co-employees, and he was able to perform all of his essential job functions without any additional limitations.

33.     On or about May 6, 2015, Miller was escorted out of the Honda facility by employees of Honda and/or Elwood.

34.     While he was being escorted out of the Honda facility, Miller was informed that Honda did not have any work available that would fit his restrictions.

35.     In attempting to identify Miller's restrictions, Honda and/or Elwood relied on an evaluation of Miller that was taken prior to Miller beginning his employment with Honda and Elwood.

36.     Elwood subsequently stated that it or Honda would attempt to find a job for Miller that fit his restrictions, and that he should check back to see if a job became available.

37.     Miller never received any follow up calls from either Elwood or Honda asking whether Miller could perform his old position or a different position at Honda with or without a reasonable accommodation.

38.     Elwood and/or Honda subsequently informed Miller that neither company was able to identify a job that would fit Miller's permanent restrictions.

39.     This is in spite of the fact that Miller was performing all of the essential functions of his brake fill job in a manner that "exceeds expectations," and told Honda and Elwood that he could continue working in the brake fill department under the exact same conditions that Honda and Elwood provided to him prior to April 22, 2015.

5

40.     Honda's and Elwood's actions constitute discrimination against Miller based on Miller's disability or his perceived disability.

### Count I
### Discrimination Based on a Disability
### (Title I of The Americans with Disabilities Act)

41.     Miller reasserts all of the preceding paragraphs of this Complaint as if fully set forth herein.

42.     Miller is a "qualified individual" as defined in 42 U.S.C. § 12111(8).

43.     Miller has a physical disability that substantially limits, at a minimum, his major life activities of standing, lifting, and bending, as defined by the Americans with Disabilities Act.

44.     Miller was qualified to perform the essential functions, including but not limited to, operating robotic machinery; lifting items of minimal weight; getting in and out of vehicles; and performing work inside of vehicles of his job at Honda with or without a reasonable accommodation.

45.     Miller met or exceeded Honda's and/or Elwood's legitimate expectations at all times throughout his employment at Honda and/or Elwood.

46.     Honda and/or Elwood "discriminated against a qualified individual on the basis of disability," to wit Miller, in violation of 42 U.S.C. § 12112, by firing Miller because he was disabled.

47.     Honda and/or Elwood's discriminatory conduct exhibited a willful and/or reckless indifference to Miller's federally protected right to be free from disability discrimination.

48.     As a result of Honda's and Elwood's discrimination against him, Miller has suffered damages.

WHEREFORE, Miller, by counsel, prays for judgment in his favor and against Defendants Honda and Elwood and requests all wages and other economic benefits lost as a result of the Defendants unlawful actions, compensatory damages, damages to compensate Miller for mental anguish and emotional distress, liquidated damages, punitive damages, all costs and reasonable attorneys' fees incurred in litigating this action, pre-judgment interest, post-judgment interest, and any and all other legal and equitable relief to which Miller is entitled.

## Count II (in the alternative to Count I)
### Discrimination Based on a "Regarded As" Disability
### (Title I of The Americans with Disabilities Act)

49.     Miller reasserts all of the preceding paragraphs of this Complaint as if fully set forth herein.

50.     Miller is a "qualified individual" as defined in 42 U.S.C. §12111(8).

51.     Honda and/or Elwood regarded Miller as having a physical disability that substantially limited his major life activities of standing, lifting, and bending by both Honda and Elwood.

52.     Miller met or exceeded Honda's and/or Elwood's legitimate expectations at all times throughout his employment at Honda and/or Elwood.

53.     Miller was qualified to perform the essential functions of his job at Honda with or without a reasonable accommodation.

54.     Honda and Elwood discriminated against Miller based on the disability that it perceived him to have in violation of 42 U.S.C § 12112 by firing Miller based solely on Miller's perceived disability.

55.     As a result of Honda's and Elwood's discrimination against him, Miller has suffered damages.

WHEREFORE, Miller, by counsel, prays for judgment in his favor and against Defendants Honda and Elwood and requests all wages and other economic benefits lost as a result of the Defendants unlawful actions, compensatory damages, damages to compensate Miller for mental anguish and emotional distress, liquidated damages, punitive damages, all costs and reasonable attorneys' fees incurred in litigating this action, pre-judgment interest, post-judgment interest, and any and all other legal and equitable relief to which Miller is entitled.

## Count III
### Failure to Provide Reasonable Accommodation
### (Title I of The Americans with Disabilities Act)

56.     Miller reasserts all of the preceding paragraphs of this Complaint as if fully set forth herein.

57.     Title I of the ADA, 42 U.S.C. § 12111, et seq., and its implementing regulation, 29 C.F.R. Part 1630, requires covered employers, such as Defendants, to provide reasonable accommodations to otherwise qualified employees with disabilities.

58.     Reasonable accommodations include, but are not limited to, modification of current job position or reassignment to a vacant position within the employer's organization when an employee with a disability can no longer perform the essential functions of the employee's position and a vacant position for which the employee is qualified is available.

59.     Miller is an otherwise qualified individual with a disability who, in 2015 according to Defendants, could no longer perform the essential functions of his position as a process associate in the brake fill department at Honda.

60.     Defendants failed to engage in the interactive process and failed to provide Miller a reasonable accommodation, including but not limited to modification of his current job position

8

or reassignment to a vacant position within the Defendants' organizations where such an accommodation was available. 42 U.S.C. §§ 12112(a) and (b); 29 C.F.R. § 1630.9.

61.     Defendants' conduct as described in this Complaint constitutes discrimination on the basis of disability in violation of Title I of ADA, 42 U.S.C. § 12111, et seq., and its implementing regulation, 29 C.F.R. Part 1630.

62.     As a result of Defendants' discriminatory conduct, Miller suffered and continues to suffer damages.

WHEREFORE, Miller, by counsel, prays for judgment in his favor and against Defendants Honda and Elwood and requests all wages and other economic benefits lost as a result of the Defendants unlawful actions, compensatory damages, damages to compensate Miller for mental anguish and emotional distress, liquidated damages, punitive damages, all costs and reasonable attorneys' fees incurred in litigating this action, pre-judgment interest, post-judgment interest, and any and all other legal and equitable relief to which Miller is entitled.

Respectfully submitted,

McNEELY STEPHENSON

Cynthia A. Bedrick, Attorney No. 21547-49
Jody M. Butts, Attorney No. 29191-73
Scott A. Milkey, Attorney No. 32070-49

BARADA LAW OFFICES, LLC

Grant Reeves, Attorney No. 28028-70

9

## DEMAND FOR JURY TRIAL

Mitchel Miller, by counsel, hereby demands trial of this matter by jury.

Respectfully submitted,

McNEELY STEPHENSON

Cynthia A. Bedrick, Attorney No. 21547-49
Jody M. Butts, Attorney No. 29191-73
Scott A. Milkey, Attorney No. 32070-49

BARADA LAW OFFICES, LLC

Grant Reeves, Attorney No. 28028-70

# Exhibit A



**U.S. Equal Employment Opportunity Commission**
**Indianapolis District Office**

101 West Ohio St
Suite 1900
Indianapolis, IN 46204
(317) 226-7212
TDD: 1-800-669-6820
Fax: (317) 226-7953
1-800-669-4000

Respondent: ELWOOD STAFFING SERVICES, INC.
EEOC Charge No.: 470-2016-00370
FEPA Charge No.:

November 13, 2015

Grant M. Reeves
BARADA LAW OFFICES LLC
201 N. Main Street
Rushville, IN 46173

Dear Mr. Reeves:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[ ]    Title VII of the Civil Rights Act of 1964 (Title VII)
[ ]    The Age Discrimination in Employment Act (ADEA)
[X]    The Americans with Disabilities Act (ADA)
[ ]    The Equal Pay Act (EPA)
[ ]    The Genetic Information Nondiscrimination Act (GINA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

Please be aware that we will send a copy of the charge to Indiana Civil Rights Commission 100 North Senate Avenue Suite North 103 Indianapolis, IN 46204 as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

While the charge is pending, this office should be notified of any change in your client's address, or where they can be reached if they have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

Elizabeth Vaughn
Investigator Support Asst
(317) 226-5524

Office Hours: Monday – Friday, 8:30 a.m. – 4:30 p.m.
www.eeoc.gov

Enclosure(s)

cc:  Mitchel Miller
     431 W. Church Street
     Cambridge City, IN 47327



# WHAT YOU SHOULD DO
# AFTER YOU HAVE FILED A CHARGE WITH EEOC

> ### *KEEP YOUR DOCUMENTS – BOTH PAPER AND ELECTRONIC*

Now that you have filed an EEOC charge, you must keep anything that might be evidence related to your charge. This includes *all* documents, communications, and electronic information that are potentially related to your EEOC charge, including the harm caused by the discrimination, and all records of your communications with the EEOC. Even if you are not sure whether the information is relevant to your discrimination claim, please do not throw it away or delete it.

> ### *WHAT INFORMATION MUST YOU KEEP?*
> - **Paper documents**, such as:
>   - Employee manuals, pay stubs, work schedules
>   - Letters, memos, your notes
>   - Pictures, drawings, charts, whether or not they contain words
> - **Electronic information**, such as:
>   - E-mails, text messages, tweets, and social media posts and pictures
>   - Voice messages, video and sound recordings
>   - Word processing documents, electronic calendar entries
> - **Electronic memory on devices or the devices themselves**, such as:
>   - Memory on computers, laptops, tablets, cell phones
>   - Computers, laptops, tablets, cell phones
>   - Do not delete, replace, alter, "wipe," or "clear" your computer hard drive, electronic tablet, or cell phone, and do not change or remove Internet posts, without retaining an electronic copy. If you dispose of any old computers, phones or devices, make sure you make and keep an electronic copy of all potentially relevant information on the device.
> - These are some examples and not a complete list.
> - If you have questions about what you should or should not do, please contact your investigator.

*Why must you keep this information?* It might be evidence related to your charge. We are required by the courts to ensure that all potentially relevant information is retained. **Please note that failure to keep these records may cause you to lose your case, or to lose the right to recover money lost due to the discrimination.**

*What happens to your information?* Your investigator will discuss with you what information is needed by the EEOC to investigate your charge. Information that you provide that happens to be private or personal in nature will not be disclosed by the EEOC during its investigation, and if the EEOC files suit on your charge, we will do our best to keep such information out of the court proceedings.

*Please see page 2 for additional important information.*

## ➤ *LOOK FOR WORK IF YOU ARE OUT OF WORK*

If you lost your job or were not hired due to discrimination, you may be entitled to the pay or wages you lost. However, you cannot receive lost wages unless you can show that you looked for another job to replace the one you lost or were denied due to discrimination. In order to prove you searched for work, you must keep copies of all letters, emails, or other evidence of your job search. If you succeed in finding a new job but it pays less than the job you lost, you may be entitled to the difference in pay. Therefore, it is necessary to keep all evidence of your job search even if you find another job.

In addition to looking for work, you should keep good records of your job search so you can prove that you have tried to find a comparable job. If you are out of work because of discrimination, be sure to save *all* documents and communications, including e-mails, relating to your job search.

---

### ➤ *WHAT ARE RECORDS OF YOUR JOB SEARCH?*

The following types of information can prove that you have tried to find work:
- copies of job applications and resumes

- a list of all the companies you contact about jobs by phone, letter or in-person

- copies of e-mails or letters that you send to or receive from companies where you have asked about work or submitted an application

- a list all of the places where you apply and for each one,
   a. the date of the application;
   b. the position you were seeking;
   c. the response you received from your application, such as rejection letters or invitations to interview;
   d. whether you were interviewed and the date of the interview;
   e. the results of the interview;
   f. whether you turned down a job offer, and if you did, why

- notes about what you did to look for work (for example, searching the newspaper or Internet or contacting employment agencies) and the dates that you conduct the search

- copies of your pay stubs or earnings records if you find another job.

If you have questions about what you are required to do, please contact your investigator.

---

### ➤ *KEEP US INFORMED*

Once you file a charge with the EEOC, you must tell us if you move or get a new address, telephone number, or e-mail address. We may need to talk to you to get more information. If the EEOC cannot reach you to get necessary information, your charge may be dismissed.

### ➤ *CALL IF YOU HAVE QUESTIONS*

Your investigator will discuss with you the documents and other evidence we need to investigate your charge. If you have any questions, or for inquiries about the status of your case, please contact your investigator directly or call 1-800-669-4000.

Page 2

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.    FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2.    AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.    PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.    ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.    WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

| CHARGE OF DISCRIMINATION | | AGENCY | | CHARGE NUMBER |
|---|---|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form. | | X | FEPA | 470-2016-00370 |
| | | X | EEOC | |

Indiana Civil Rights Commission and EEOC
State or local Agency, if any

| NAME (Indicate Mr. Ms., Mrs.) Mr. Mitchel Miller | | HOME TELEPHONE (Including Area Code) 765-334-8221 |
|---|---|---|
| STREET ADDRESS               CITY, STATE AND ZIP CODE 431 W. Church Street, Cambridge City, IN 47372 | | DATE OF BIRTH 11/22/1960 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERMNET AGENCY WHO DISCRIMINATED AGAINST ME. (If more than one list below.)

| NAME Elwood Staffing Services, Inc. | NUMBER OF EMPLOYEES, MEMBERS —More than 500 at all Locations | TELEPHONE (Include Area Code) 765-935-3625 |
|---|---|---|
| STREET ADDRESS 1306 Industries Road | CITY, STATE AND ZIP CODE Richmond, IN 47374 | COUNTY Wayne |

| CAUSE OF DISCRIMINATION BASED ON  (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] AGE  [ ] RETALIATION   [ ] NATIONAL ORIGIN   [X] DISABILITY   [ ] OTHER | EARLIEST          LATEST  May 6, 2015          [X]  CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s):

See Attached Document and Additional Complaint against Honda Manufacturing of Indiana LLC. I was employed through the Elwood Staffing Richmond Office, but they also had a branch office at the Honda Manufacturing location. Their corporate headquarters of Elwood Staffing is located at 4111 Central Avenue, Columbus, IN 47203 in Bartholomew County.

| I want this charged filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *Rose M. Hoeing* Rose M. Hoeing Subscribed and sworn to before me this 29th day of October, 2015 Expiration: 1-16-17      Residing in Rush County, IN |
|---|---|
| I declare under the penalty of perjury that the foregoing is true and correct.  Date: 10/29/15   Charging Party Signature: *M.E. Wall* | I swear or affirm that I have read the above charge and this it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT  *Mitch Miller* |

Attorney for Complainant:
Grant M. Reeves, Barada Law Offices, LLC, 201 N Main Street, Rushville, IN 46173, 765-932-6932

## SUPPLEMENTAL COMPLAINT REPORT

I am a qualified individual with a disability as a result of prior knee replacements and a back injury. On August 4, 2014, I applied for employment with Honda Manufacturing of Indiana LLC ("Honda") through Elwood Staffing Services, Inc. ("Elwood Staffing"). On August 27, 2014, I took a physical test as a prerequisite for employment with Honda and passed the testing. I began working at Honda in the brake fill department on October 14, 2014. At that time, I reported that I had certain medical restrictions. I was assigned jobs that met my restrictions and worked satisfactorily with excellent reviews throughout my time at Honda. On April 22, 2015, I twisted my knee while working at Honda. This incident had nothing to do with my disability and simply involved twisting my knee on an uneven surface. Any person, regardless of the condition of his/her knee, could have suffered a similar injury on this surface. As required pursuant to Honda policy, I reported the potential workplace injury to Honda and was checked out by Honda's required medical personnel. While I was being examined, it became apparent that the file given to the physician conducting the review on behalf of Honda did not have all of the medical paperwork that correctly showed my restrictions. In fact, it appeared that at least one document in Honda's file had been altered in a way which removed some of the restrictions I had disclosed to Honda when I was hired.

After the incident with my knee, I was able to return to work immediately without missing any time and, apart from a few days of stiffness, did not have any significant injury of consequence. Shortly after I returned to work, I was suddenly escorted out of the Honda facility on May 6, 2015, and told that Honda did not have any work available that fit my restrictions. My abrupt termination of employment was in spite of the fact that I had been satisfactorily working for Honda, more than satisfactorily performing the same duties for several months. I was told that Honda would attempt to find a job for me that fit my restrictions (again, in spite of the fact that I had already been working at a job that did fit my restrictions for six to seven months) and that I should check back to see if a job became available. After approximately two weeks, I was told that no jobs were available to fit my permanent restrictions.

Honda's actions, in conjunction with those of Elwood Staffing, constituted discrimination because of my disability. I reported my restrictions to Honda upon employment, through Elwood Staffing, and fully cooperated with Honda to make sure my job duties fit my restrictions. I was performing all job duties in a manner that was more than satisfactory. I was a model employee and never received any disciplinary action. I was working within my restrictions and was not a danger to myself or to others in any way. In spite of this, Honda suddenly and inexplicably terminated my employment as a direct result of my disabilities. Additionally, Honda failed to engage in the interactive process to try to reasonably accommodate my disability. I had been performing my job position satisfactorily prior to the knee incident and could have continued performing this job satisfactorily in the future while observing my restrictions.

I believe I was discriminated against in that I was denied a reasonable accommodation and terminated because of my disability in violation of my rights under the Americans with Disabilities Act, as amended. Additionally, Honda and Elwood Staffing failed to engage in the interactive process for reasonable accommodation in violation of my rights in under the Americans with Disabilities Act, as amended.

Mitchel Miller

# Exhibit B

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mitchel Miller<br>431 W. Church Street<br>Cambridge City, IN 47327 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

☐  On behalf of person(s) aggrieved whose identity is
   *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2016-00367 | Brien L. Shoemaker,<br>Enforcement Supervisor | (317) 226-6118 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Michelle F. Eisele,
Director

SEP  2 8 2016

*(Date Mailed)*

Enclosures(s)

cc: | Susan Kline, Partner<br>FAEGRE BAKER DANIELS LLP<br>300 N. Meridian St.<br>Suite 2700<br>Indianapolis, IN 46204 | Grant Reeves<br>BARADA LAW OFFICES LLC<br>201 N. Main Street<br>Rushville, IN 46173 |

Enclosures(s)

cc:   **Grant M. Reeves**
      **BARADA LAW OFFICES LLC**
      **201 N. Main Street**
      **Rushville, IN 46173**

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Mitchel Miller | From: Indianapolis District Office |
|---|---|
| 431 W. Church Street | 101 West Ohio St |
| Cambridge City, IN 47327 | Suite 1900 |
| | Indianapolis, IN 46204 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Brien L. Shoemaker, | |
| 470-2016-00370 | Enforcement Supervisor | (317) 226-6118 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Michelle F. Eisele,
Director

SEP 2 8 2016
(Date Mailed)

Enclosures(s)

cc:
Rhea Baker Ipek
Corporate Counsel
ELWOOD STAFFING SERVICES INC
4111 Central Avenue
Columbus, IN 47203

Grant M. Reeves
BARADA LAW OFFICES LLC
201 N. Main Street
Rushville, IN 46173

Enclosures(s)

cc:   **Grant Reeves**
      **BARADA LAW OFFICES LLC**
      **201 N. Main Street**
      **Rushville, IN 46173**



7016 0340 0001 1148 9423

U.S. POSTAGE >> PITNEY BOWES

ZIP 47240 $ 007.78⁰
02 1W
0001388444 DEC 22 2016

 McNEELY STEPHENSON

2150 Intelliplex Drive | Suite 100 | Shelbyville, Indiana 46176

**TO:**

Elwood Staffing Services, Inc.
C/o Corporation Service Company,
    as Registered Agent
251 E. Ohio Street, Suite 500
Indianapolis, IN 46204

# EXHIBIT 3

FaegreBD.com

# FAEGRE BAKER DANIELS

USA ▾ UK ▾ CHINA

**Sarah V. Bowers**
*Associate*
sarah.bowers@FaegreBD.com
Direct +1 317 237 1260

**Certified Article Number**

9414 7266 9904 2048 2663 13

**SENDERS RECORD**

**Faegre Baker Daniels LLP**
300 North Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone +1 317 237 0300
Fax +1 317 237 1000

**_VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED_**

January 18, 2017

**FILE COPY**

Decatur County Clerk
Decatur County Courthouse
150 Courthouse Square, Suite 244
Greensburg, Indiana 47240

Re: Mitchel Miller v. Honda Manufacturing of Indiana, LLC
    and Elwood Staffing Services, Inc.
    Cause No. 66D01-1612-PL-577

Dear Clerk:

Enclosed for filing in the above-referenced matter are an original and one copy of the Appearance by Attorney in a Civil Case on behalf of Honda Manufacturing of Indiana, LLC.

Pursuant to Trial Rule 5(F) of the Indiana Rules of Trial Procedure, please file-mark the enclosed documents as of today's date, **January 18, 2017**, and return the extra file-stamped copy to me in the self-addressed, postage prepaid envelope that is enclosed for your convenience.

Thank you for your assistance and should you have any questions, please call.

Sincerely,

Sarah V. Bowers

Enclosures

SVB:kkg
cc:     Grant M. Reeves (*via U.S. mail*)
        Cynthia Bedrick, Jody M. Butts, Scott A. Milkey (*via U.S. mail*)
        Brian L. McDermott and Theresa R. Parish (*via U.S. mail*)

US.109801783.01

STATE OF INDIANA     )        IN THE DECATUR SUPERIOR COURT
                      ) SS:
COUNTY OF DECATUR   )        CAUSE NO. 66D01-1612-PL-577

MITCHEL MILLER,         )
                      )
       Plaintiff,     )
                      )
     v.                )
                      )
HONDA MANUFACTURING OF  )
INDIANA, LLC, AND      )
ELWOOD STAFFING SERVICES, INC. )
                      )
      Defendants.

## APPEARANCE BY ATTORNEY IN CIVIL CASE

1.    The party on whose behalf this form is being filed is:

    Initiating _____ Responding __X__ Intervening _____

    the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

    Name of party: Defendant, Honda Manufacturing of Indiana, LLC

2.    Attorney information for service as required by Trial Rule 5(B)(2):

| | | |
|---|---|---|
| Names: | Amanda L. Shelby | Atty. No.: 27726-49 |
| | Sarah V. Bowers | Atty. No.: 31232-49 |
| Address: | FAEGRE BAKER DANIELS LLP | |
| | 300 N. Meridian Street, Suite 2700 | |
| | Indianapolis, IN 46204 | |
| Phone: | (317) 237-0300 | |
| FAX: | (317) 237-1000 | |
| E-Mail: | amanda.shelby@FaegreBD.com | |
| | sarah.bowers@FaegreBD.com | |

3.    I will accept service from other parties by:

    FAX at the above noted number: Yes _____ No _X_

    Email at the above noted number: Yes _X_ No _____

4.    There are related cases: Yes _____ No _X_

5.      Additional information required by local rule:  N/A

6.      There are other party members: Yes _____  No __X__

7.      This form has been served on all other parties and Certificate of Service is attached: Yes __X__  No _____

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

_____

Amanda L. Shelby (Ind. Atty. 27726-49)
Sarah V. Bowers (Ind. Atty. 31232-49)
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
amanda.shelby@FaegreBD.com
sarah.bowers@FaegreBD.com

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 18, 2017, a copy of the foregoing was

served via First Class United States Mail, postage prepaid, upon the following:

Grant M. Reeves
BARADA LAW OFFICES LLC
201 N. Main Street
Rushville, IN 46173

Cynthia Bedrick
Jody M. Butts
Scott A. Milkey
McNEELEY STEPHENSON
2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176

Brian L. McDermott
Theresa R. Parish
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
brian.mcdermott@ogletree.com
theresa.parish@ogletree.com

3





U.S. Postal Service
**CERTIFIED MAIL**

*package id*
00149331

*ship date*
Wed, Jan 18 2017

*to*
Decatur County Clerk
Decatur County Courthouse
150 Courthouse Square, Suit
   244
Greensburg , IN  47240  US
317-237-1340

*residential address*
No

*return label*
No

*from*
Sarah  Bowers  (19238)
Faegre Baker Daniels LLP
300 N. Meridian St., Suite
   2700
Indianapolis , IN  46204  US
1260

*billing*
Honda Manufacturing ...,
LLC.LIT-081977 Mitchel
M...wsuit
(977519.081977)

*operator*
Kristie Graessle
1340
kristie.graessle@FaegreBD.co
m

*create time*
01/18/17, 11:48AM

*vendor*
Certified Mail

*tracking number*
CERT00149331

*service*
USPS Certified Mail™

*options*
Return Receipt

*reference note*
HMIN-Miller

*courtesy quote*
.00 USD
*There is no value to display
   until a cost is entered in the
   mailroom*
*The courtesy quote does not
   reflect fuel surcharge and
   does not necessarily reflec
   all accessorial charges.*

©2003-2017 Lynch Marks LLC. All rights reserved. PS|Ship™ is a trademark of Lynch Marks LLC.
Other product and company names listed are trademarks or trade names of their respective companies.

# EXHIBIT 4

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
*Attorneys at Law*
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Telephone: 317.916.1300
Facsimile: 317.916.9076
www.ogletree.com

Brian L. McDermott
317.916.2170
brian.mcdermott@ogletree.com

January 9, 2017

**Via Certified Mail**
**Return Receipt Requested**

Decatur County Clerk's Office
150 Courthouse Square, # 244
Greensburg, IN 47240

> RE:   Mitchel Miller v. Honda Manufacturing of Indiana, LLC, and Elwood Staffing
> Services, Inc.
> Cause No.: 16D01-1612-PL-577

Dear Clerk:

Enclosed please find the original and two (2) copies of Defendant's Appearance and Unopposed Motion for Initial Enlargement of Time to Respond to Plaintiff's Complaint for Filing in the above-referenced matter.

Please note the same is being filed pursuant to Rule 5(F)(3) and should be file-stamped as of the date of this mailing, January 9, 2017.  Please return a file-marked copy of the Appearance and Motion to me in the enclosed, self-addressed stamped envelope.

Sincerely,

*Brian McDermott*

Brian L. McDermott

BLM:mw
Enclosures

cc    Cynthia A. Bedrick, Jody M. Butts and Scott A. Miley (*via U.S. mail*)
      Grant M. Reeves (*via U.S. mail*)

28287382.1

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro
Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami
Milwaukee ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh
Richmond ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

STATE OF INDIANA      )   SS:     DECATUR COUNTY SUPERIOR COURT

COUNTY OF DECATUR     )        CAUSE NO.:  16D01-1612-PL-577

 

MITCHEL MILLER,            )

         Plaintiff,        )

    vs.                   )

HONDA MANUFACTURING OF     )
INDIANA, LLC, and          )
ELWOOD STAFFING SERVICES, INC.,   )

       Defendants.     )

## APPEARANCE BY ATTORNEYS IN CIVIL CASE

**Party Classification:**    ☐ Initiating    ☒ Responding    ☐ Intervening

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party members: **Defendant, Elwood Staffing Services, Inc..**

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | | |
|---|---|---|
| Name: | **Brian L. McDermott**<br>**OGLETREE, DEAKINS, NASH,**<br>   **SMOAK & STEWART, P.C.**<br>**111 Monument Circle, Ste. 4600**<br>**Indianapolis, Indiana  46204** | Atty No.:  **16788-32**<br>Phone:  **(317) 916-1300**<br>FAX:  **(317) 916-9076**<br>Email:  ***brian.mcdermott@odnss.com*** |
| | **Theresa R. Parish**<br>**OGLETREE, DEAKINS, NASH,**<br>   **SMOAK & STEWART, P.C.**<br>**111 Monument Circle, Ste. 4600**<br>**Indianapolis, Indiana  46204** | Atty No.:  **27996-49**<br>Phone:  **(317) 916-1300**<br>FAX:  **(317) 916-9076**<br>Email:  ***theresa.parish@odnss.com*** |

3. There are other party members:   Yes ☐   No ☒ *(If yes, list on continuation page.)*

4. *If first initiating party filing this case*, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(3):

5. I will accept service by FAX at the above-noted number:   Yes ☐   No ☒

6.  This case involves support issues:   Yes ☐   No ☒   *(If yes, supply social security numbers for all family members on a separately attached page using **light green paper**. See form below.)*

7.  There are related cases:   Yes ☐   No ☒   *(If yes, list on continuation page.)*

8.  This form has been served on all other parties and Certificate of Service is attached: Yes ☒   No ☐

9.  Additional information required by local rule:  **N/A**

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____

Brian L. McDermott, IN 16788-32
Theresa R. Parish, IN 27996-49
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
Telephone:  317.916.1300
Facsimile:  317.916.9076
brian.mcdermott@ogletree.com
theresa.parish@ogletree.com

Attorneys for Defendant
Elwood Staffing Services, Inc.

## CERTIFICATE OF SERVICE

Service of the foregoing was made by placing a copy of the same into the United States Mail, first class postage prepaid, this 9th day of January, 2017, addressed to:

Cynthia A. Bedrick
Jody M. Butts
Scott A. Miley
McNEELY STEPHENSON
2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176

Grant M. Reeves
BARADA LAW OFFICES LLC
201 N. Main Street
Rushville, IN 46173


Theresa R. Parish


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
317.916.1300

28285579.1

STATE OF INDIANA          )
                          ) SS:       DECATUR COUNTY SUPERIOR COURT
COUNTY OF DECATUR         )
                          )           CAUSE NO.:  16D01-1612-PL-577


MITCHEL MILLER,                    )
                                   )
            Plaintiff,             )
                                   )
    vs.                            )
                                   )
HONDA MANUFACTURING OF             )
INDIANA, LLC, and                  )
ELWOOD STAFFING SERVICES, INC.,    )
                                   )
            Defendants.            )


### <u>DEFENDANT'S UNOPPOSED MOTION FOR INITIAL ENLARGEMENT<br>OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT</u>

Defendant, Elwood Staffing Services, Inc., by counsel, moves for an initial enlargement of time within which to answer or otherwise respond to Plaintiff's Complaint.  In support of this Motion, Defendant states:

1.  On December 19, 2016, Plaintiff filed his Complaint.

2.  Defendant was served with a copy of the Complaint by United States mail on December 27, 2016.

3.  Pursuant to Trial Rule 6(C), Defendant's answer or responsive pleading is due at the earliest on January 16, 2017, and such time has not expired.

4.  To gather the information needed to respond to each of Plaintiff's allegations, Defendant seeks an extension of time of thirty (30) days in which to file its responsive pleading. The 30-day enlargement will make Defendant's new deadline February 15, 2017.

5.  Prior to the filing of this Motion, counsel for Defendant called Plaintiff's counsel, and Plaintiff's counsel has no objection to this initial enlargement.

6.   This motion is being made in good faith and not for the purpose of hindrance or delay.

WHEREFORE, Defendant, Elwood Staffing Services, Inc., by counsel, respectfully request that the Court extend the time for Defendant to file its responsive pleading to and including February 15, 2017.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____

Brian L. McDermott, IN 16788-32
Theresa R. Parish, IN 27996-49
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
Telephone:  317.916.1300
Facsimile:  317.916.9076
brian.mcdermott@ogletree.com
theresa.parish@ogletree.com

Attorneys for Defendant
Elwood Staffing Services, Inc.

2

## CERTIFICATE OF SERVICE

Service of the foregoing was made by placing a copy of the same into the United States Mail, first class postage prepaid, this 9th day of January, 2017, addressed to:

Cynthia A. Bedrick
Jody M. Butts
Scott A. Miley
McNEELY STEPHENSON
2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176

Grant M. Reeves
BARADA LAW OFFICES LLC
201 N. Main Street
Rushville, IN 46173

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
317.916.1300

28286180.1

STATE OF INDIANA      )
                    ) SS:
COUNTY OF DECATUR    )

DECATUR COUNTY SUPERIOR COURT

CAUSE NO.: 16D01-1612-PL-577

MITCHEL MILLER,             )
                            )
        Plaintiff,        )
                            )
   vs.                      )
                            )
HONDA MANUFACTURING OF   )
INDIANA, LLC, and         )
ELWOOD STAFFING SERVICES, INC., )
                            )
        Defendants.      )

```
 F I L E D
 JAN 1 2 2017
 Adina A. Roberts
 CLERK DECATUR SUPERIOR COURT
```

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR INITIAL ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

The Defendant, Elwood Staffing Services, Inc., having filed its Unopposed Motion for

Extension of Time to Respond to Plaintiff's Complaint, and the Court, being duly advised in the

premises, hereby GRANTS said Motion.

It is therefore ORDERED, ADJUDGED AND DECREED that the Defendant, Elwood

Staffing Services, Inc. has until February 15, 2017 to respond to Plaintiff's Complaint.

Dated: **JAN 1 2 2017**

_____
Judge, Decatur Superior Court

COPIES TO:

Brian L. McDermott
Theresa R. Parish
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN 46204

Grant M. Reeves
BARADA LAW OFFICES LLC
201 N. Main Street
Rushville, IN 46173

Cynthia A. Bedrick
Jody M. Butts
Scott A. Miley
McNeely Stephenson
2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176

28287656.1